

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Paul H. Stanford
Criminal District Attorney
Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. O-7170
Re: Whether petition for bond
election in independent school
district having less than 150
scholastics should be presented
to County Judge or to the Dis-
trict Trustees

Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

"At the request of the County Judge of Van
Zandt County, Texas, I respectfully request your
opinion on the following:

"Article 2784e, Revised Civil Statutes, provides:

"'The Commissioners court for the common school
districts in its county, and the district school
trustees for the independent school districts
incorporated for school purposes only, shall have
power to levy and cause to be collected the annual
taxes and to issue the bonds herein authorized,
subject to the following provisions, etc. . . . '

"Article 2785, Revised Civil Statutes, provides:

"'Before an election is held to determine the
proposition of the levy of such tax or the issuance
of such bonds, a petition therefor, signed by
twenty (20) or more, or a majority of those entitled
to vote at such election, shall be presented 'to the
County Judge of the county if for a common school
district,' and 'to the district trustees if for an
independent school district. etc.' . . . . and
provides for order of election, notices etc.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 2763, Revised Civil Statutes, provides:

"'All incorporated districts, having each
fewer than 150 scholastics according to the latest
census, shall be governed in the general adminis-
tration of their schools by the laws which apply
to common school districts; and all funds of such
→ districts shall be kept in the county depositories
and paid out on order of the trustees approved by
the county superintendent.'

"Facts: Edom Independent School District in
Van Zandt County, Texas, is in independent school
district but the number of scholastics according
to the latest census, is less than one hundred fifty.

"This Independent School District desires
to have an election to issue bonds for the purpose
of building a school building.

"Question: Shall the petition for such bond
election be directed to the County Judge for an
order for such election as is provided for common
school districts, or shall it be presented to the
District Trustees for an order for such election
as is provided for independent school districts?"

Articles 2784e and 2785, supra, deal specifically
with the issuance of bonds and bond elections for common
and independent school districts, while Article 2763, supra,
merely provides that independent school districts having fewer
than 150 scholastics shall be governed in the general adminis-
tration of their schools by laws which apply to common school
districts. We think the specific bond statutes above quoted
should control over the general provisions of Article 2763,
with respect to general administration of said schools and it
is therefore our opinion that petitions for bond elections
in independent school districts (including those having less

than 150 scholastics according to the latest census) should be presented to the trustees of the independent school districts and not to the County Judge.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    Wm. J. Fanning
               Assistant

APPROVED MAR 29, 1946

ATTORNEY GENERAL OF TEXAS

WJF:bt

